IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COY CHIROPRACTIC HEALTH CENTER, INC.,
RICHARD COY, DC, and FRANK C. BEMIS &
ASSOCIATES, d/b/a Bemis Chiropractic,
individually and on behalf of others similarly situated,**

    **Plaintiffs,**

**v.**

**TRAVELERS CASUALTY & SURETY COMPANY and
TRAVELERS INDEMNITY COMPANY,**

    **Defendants.**                                **Case No. 06-cv-678-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

      This matter is before the Court on the "Motion for Transfer and Coordination Purusant [sic] to 28 U.S.C. § 1407" brought by attorney Paul M. Weiss (Doc. 37), together with the motion to strike Weiss's motion brought by Plaintiffs Coy Chiropractic Health Center, Inc., Richard Coy, and Frank C. Bemis & Associates through their current attorneys (Doc. 39).[1]

      This case was removed to this Court from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), as well as 28 U.S.C. § 1441

---

1. Weiss was one of Plaintiffs' attorneys until May 16, 2007, when he was granted leave to withdraw as counsel.

and 28 U.S.C. § 1453(b). Weiss's motion for transfer asks the Judicial Panel on Multidistrict Litigation ("JPML") to establish a multidistrict litigation ("MDL") proceeding to conduct coordinated or consolidated pretrial proceedings in this action and five other actions. *See* 28 U.S.C. § 1407(a). Under Section 1407, Weiss is required to file a copy of his motion for transfer in all of the courts where the subject actions are pending. *See* 28 U.S.C. § 1407(c)(ii). *See also Tim W. Koerner & Assocs., Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 298 (S.D. Tex. 1980) ("Under 28 U.S.C. § 1407 a party can only initiate proceedings for transfer of an action by filing a motion with the [JPML] and by filing a copy of such motion with the district court in which the action is pending."). An examination of the Court's electronic docket shows that Weiss is counsel of record for the plaintiffs in at least two of the actions as to which transfer by the JPML is sought, specifically, *Roche v. Travelers Property Casualty Insurance Co.*, No. 07-cv-302-JPG (S.D. Ill. filed Apr. 20, 2007), and *Roche v. Liberty Mutual Managed Care, Inc.*, No. 07-cv-331-JPG (S.D. Ill. filed May 4, 2007). *See Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *6 n.3 (S.D. Ill. June 15, 2007) (judicially noticing cases on the Court's electronic docket); *Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *1 (S.D. Ill. May 24, 2007) (same). Thus, the fact that Weiss is not counsel of record in this case does not preclude him from seeking transfer of the case, given that he represents persons with an interest in the proposed MDL proceeding. *See In re Western Liquid Asphalt Antitrust Litig.*, 303 F. Supp. 1053, 1053-54 (J.P.M.L.

1969) (parties to actions in which transfer by the JPML is contemplated have standing to file motions for transfer for the purpose of coordination or consolidation under Section 1407).

However, the matter does not end quite there. The Court recently ordered this case remanded to state court for lack of federal subject matter jurisdiction. *See Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2122420 (S.D. Ill. July 20, 2007). Under 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The statute provides further, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). In general, under Section 1447, upon entry of an order remanding a removed case to state court on grounds enumerated in subsection (c) of the statute, including lack of subject matter jurisdiction, a district court is precluded by subsection (d) of the statute from reconsidering its remand order. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005); *Pio v. General Nutrition Cos.*, 488 F. Supp. 2d 714, 718-19 (N.D. Ill. 2007); *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 764-65 (E.D. Wis. 2000); *Rice v. Mayflower Transit, Inc.*, No. 95 C 0846, 1995 WL 347957, at *1 (N.D. Ill. June 8, 1995).[2] Ordinarily, then, the Court would hold that, in view of its previous

---

2. As this Court has recognized previously, although 28 U.S.C. § 1447(d) precludes reconsideration of orders remanding cases for lack of subject matter jurisdiction, it is not a bar to successive removals of a case where intervening legal or factual changes disclose grounds for removal. *See Potter v. Janus*

determination that it lacks federal subject matter jurisdiction in this case, it similarly lacks power to entertain motions in the case. *See Missouri Franchise Dev. Sys., LLC v. McCord*, No. 07-CV-00099-DRH-DGW, 2007 WL 1149198, at *1 (S.D. Ill. Apr. 18, 2007) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Without [subject matter] jurisdiction the court cannot proceed at all in any cause.").

On the other hand, this Circuit recognizes an exception to the rule against reconsideration of remand orders discussed supra where a remand order in fact is appealable. *See Good v. Kvaerner U.S., Inc.*, No. IP 1:03-CV-0476 SEB-VSS, 2003 WL 23104240, at *2 (S.D. Ind. Dec. 12, 2003) (citing *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 271 (7th Cir. 1990)). In light of the fact that CAFA authorizes appellate review of orders remanding cases removed under the statute, *see* 28 U.S.C. § 1453(c), it is not clear that the Court's jurisdiction in this case was terminated by entry of the order directing remand of this case to state court. What is clear, however, is that on July 23, 2007, a certified copy of the Court's remand order in this case was mailed to the clerk of the Madison County circuit court, thereby terminating the Court's jurisdiction in this case. "It is well established that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction." *Pickard v. Central States S.E. & S.W. Areas Health & Welfare Fund*, No. 02-C-0282-C, 2003

---

*Inv. Fund*, 483 F. Supp. 2d 692, 704 (S.D. Ill. 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1105-06 (S.D. Ill. 2007); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842 (S.D. Ill. 2006).

WL 23104276, at *1 (W.D. Wis. Feb. 12, 2003) (collecting cases).  *See also In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, No. Civ.MDL-03-1562-GPM, Civ.05-10007-GPM, 2006 WL 839429, at *1 (S.D. Ill. Mar. 29, 2006); *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987); *Eby v. Allied Prods. Corp.*, 562 F. Supp. 528, 531 (N.D. Ind. 1983). *Accord Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081-82 (3d Cir. 1992); *Seedman v. United States Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988).  Therefore, jurisdiction in this case has been re-vested in the state court, and this Court possesses no jurisdiction in the case.

To conclude, the Court **DENIES as moot** Plaintiffs' motion to strike Weiss's motion for transfer of this action to an MDL proceeding (Doc. 39).  With respect to Weiss's motion for transfer (Doc. 37), the effect of the Court's remand of this case also is to moot the motion, because the JPML cannot transfer actions that are pending in state court.  *See In re Celotex Corp. 'Technifoam' Prods. Liab. Litig.*, 68 F.R.D. 502, 503 n.1 (J.P.M.L. 1975) (noting that the JPML "does not have the power under [28 U.S.C. §] 1407 to consider the propriety of coordinated or consolidated pretrial proceedings in state court actions").  However, because Weiss's motion to transfer this case is addressed to the JPML, not this Court, instead of denying the motion as moot the Court will terminate the motion administratively, so that it does not appear on the Court's docket as a pending motion.  Consistent with Rule 7.2(f) of the JPML's Rules of Procedure, the Court **ORDERS** Weiss to forward to the JPML copies of both the Court's remand order in

this case and this Order; Weiss will advise the Court of his compliance with this Order not later than **two (2) days** from the date of entry thereof.  Finally, the Court cautions Weiss and Plaintiffs' current attorneys that this action is closed and that any motions filed by the parties in this case will be summarily stricken.

**IT IS SO ORDERED.**

Signed this 27th day of July, 2007.

/s/         David   RHerndon
**United States District Judge**
